UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL CORNELIUS, | : | |
| Plaintiff, | : | Civ. No. 16-4233 (RBK) (AMD) |
| v. | : | |
| NANCY M. BERNARD, | : | **MEMORANDUM AND ORDER** |
| Defendant. | : | |

     Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted and the Clerk will be ordered to file the complaint. At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. At this early stage of the proceedings, this Court will permit the complaint to proceed against the sole defendant named in the complaint, Nancy M. Bernard, court transcriber. *See, e.g.*, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993).

     Accordingly, IT IS this  7th  day of September, 2016,

     ORDERED that Plaintiff's application to proceed *in forma pauperis* is hereby granted; and it is further

     ORDERED that the Complaint shall be filed; and it is further

     ORDERED that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and on the warden for the New Jersey State Prison; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

ORDERED that the complaint shall be permitted to proceed against defendant Nancy Bernard; and it is further

ORDERED that the Clerk shall mail to plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further

ORDERED that once the Marshal receives the USM-285 Form from plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by plaintiff, and the Marshal shall serve summons, the complaint and this Memorandum Order on the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

ORDERED that defendant Bernard shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(e)(1) and 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that if at any time prior to the filing of a notice of appearance by defendant, plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Federal Rule of Civil Procedure 5(a) and (d), plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is further

---

[1] Alternatively, the U.S. Marshal may notify the defendant that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Federal Rule of Civil Procedure 4(d).

[2] After an attorney files a notice of appearance on behalf of a defendant, the attorney will automatically be electronically served all documents that are filed in the case.

ORDERED that the Clerk shall serve this Memorandum Order on Plaintiff by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge
